## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ARKONA, LLC, and all those similarly
situated within Cheboygan County,
  Plaintiffs,

  v.

COUNTY OF CHEBOYGAN
by its BOARD OF COMMISSIONERS,

  and

BUFFY JO WELDON,
in her official and personal/individual
capacities

  and

LINDA A. CRONAN, in her
personal/individual capacity,
  Defendants

_____ /

Case No.: 19-cv-12372

**COMPLAINT**
**JURY DEMANDED**

**\*\* CLASS ACTION \*\***

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Counsel for Plaintiff
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

## CLASS ACTION COMPLAINT

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

NOW COMES Plaintiff ARKONA, LLC, both individually and as class representative, by and through counsel, and complains unto this Court as follows:

## PARTIES

1.      Plaintiff ARKONA, LLC is named in its individual capacity and as the proposed class representative by being the former owner of real property within Cheboygan County which was foreclosed upon due to a tax delinquency but was injured by the ensuing unconstitutional similar acts or actions of the Cheboygan County Treasurer(s) via the unconstitutional retention of surplus or excess equity.

2.      Defendant COUNTY OF CHEBOYGAN is named as a legal entity formed and/or existing under the laws of the State of Michigan and is controlled or operated by its duly-designated BOARD OF COMMISSIONERS.

3.      Defendant BUFFY JO WELDON is the public official serving as county treasurer for Cheboygan County and is sued in both her official and personal/individual capacities.

4.      Defendant BUFFY JO WELDON, in her official capacity, is the Foreclosing Governmental Unit (FGU) of Cheboygan County, see **Exhibit E**, by the affirmative, voluntary, and discretionary decision of Defendant

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

COUNTY OF CHEBOYGAN via its own county policy pursuant to MCL 211.78.

5.     Defendant LINDA A. CRONAN is the former public official who previously served as the county treasurer for Cheboygan County and is sued in her personal/individual capacity only.

**JURISDICTION**

6.     This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendants for violations of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

7.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

8.     Venue is proper in this Court as Defendants, individually and collectively, conduct or conducted their business or live within the Eastern District of Michigan.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**GENERAL ALLEGATIONS**

9.      Plaintiff ARKONA, LLC purchased (and became the owner of) four large parcels, consisting of more than 400 acres, of real property in Cheboygan County (the "Cheboygan Ore Property") in or around December 2012. **Exhibit A.**

10.      Plaintiff ARKONA, LLC paid $362,000 for the Cheboygan Ore Property. **Exhibit A.**

11.      Due to the snags which are not relevant this case, the Cheboygan Ore Property had a tax-plus-penalties[1] delinquency of $39,750. See **Exhibit C**.

12.      After having a tax delinquency of approximately $39,750 (which includes the past due tax owed plus additional compounding interest, fees, penalties, and costs), Defendant LINDA A. CRONAN, as the duly-serving treasurer, seized ownership of the Cheboygan Ore Property on behalf of the Defendant COUNTY OF CHEBOYGAN (and/or on behalf of Defendant LINDA A. CRONAN in her official capacity as treasurer of Cheboygan County) and sold the Cheboygan Ore Property at tax auction for $307,000. **Exhibit B and C**.

---

[1] The amount of actual tax past due is currently unknown. However, this figure represents approximately 40% in impose interest, nearly $1,000 in other straight-imposed penalties, and possibly other additional costs.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

13.     The Cheboygan Ore Property had a state equalized value (SEV) of $252,500. **Exhibit C**.

14.     The "SEV" of a parcel or collection parcels of real property is fifty-percent of the believed fair market value of said property.

15.     By the Cheboygan Ore Property having a state equalized value (SEV) $252,500 means that the government believed that the Cheboygan Ore Property had a fair market value of at least $505,000.

16.     Defendant COUNTY OF CHEBOYGAN and LINDA A. CRONAN, as county treasurer and/or on behalf of her respective county, destroyed Plaintiff ARKONA, LLC's equity when seizing the entirety of the Cheboygan Ore Property for a debt which was a mere fraction of the total value or equity, and had no process, plan, or legal mechanism to return the equity seized in excess of the tax delinquency.

17.     Defendant LINDA A. CRONAN, as the county treasurer and/or on behalf of her respective county, destroyed any remaining excess equity when selling the Cheboygan Ore Property at the highly reduced, non-fair market value price of $307,000, and then also kept (and did not return) $267,250 as the difference between the tax auction price and the total tax delinquency owed for the benefit of COUNTY OF CHEBOYGAN.

18.    But in total, Plaintiff ARKONA, LLC's equity of $465,250 (i.e. fair market value of $505,000 minus the tax delinquency of $39,750) was taken or destroyed by Defendants LINDA A. CRONAN and/or COUNTY OF CHEBOYGAN.

19.    Defendant BUFFY JO WELDON assumed the office of Cheboygan County Treasurer upon the retirement of Defendant LINDA A. CRONAN.

20.    Defendants LINDA A. CRONAN, BUFFY JO WELDON, and/or COUNTY OF CHEBOYGAN refused and refuses to pay just compensation for the taking of excess/equity taken from Plaintiff ARKONA, LLC.

21.    No voluntary refund of the excess or surplus equity was or will be provided by Defendants LINDA A. CRONAN, BUFFY JO WELDON, and/or COUNTY OF CHEBOYGAN.

22.    No direct condemnation action or process was initiated by Defendants LINDA A. CRONAN, BUFFY JO WELDON, and/or COUNTY OF CHEBOYGAN for the equity *above* the total tax delinquency.

23.    This process has been previously called "theft," "unconscionable" and a "manifest injustice" by federal judges and others.

### CLASS ALLEGATIONS

24.    This action is brought by Plaintiff ARKONA, LLC individually and on behalf of all other property owners from Cheboygan County during the relevant statutorily-limited time period who were subject to the unconstitutional processes which resulted in the taking and/or unconstitutional forfeiture of their surplus or excess equity beyond the tax debt owe and due.

25.    The proposed class consists of all eligible property owners who, within during the relevant statutorily-limited time period, had a property seized by a county treasurer from Cheboygan County which was worth and/or which was sold at tax auction for more than the total tax delinquency and was not refunded the excess equity.

26.    The number of injured individuals who have been constitutionally injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

27.    There are clear questions fact raised by the named Plaintiff ARKONA, LLC's claims common to, and typical of, those raised by the Class he seeks to represent, including

a. Defendant COUNTY OF CHEBOYGAN and its respective treasurer are and have been acting to voluntarily enforce an

7

unconstitutional statute which each has willingly assumed to undertake pursuant to discretion granted by MCL 211.78;

b.  Each class member's property, prior to foreclosure, was worth and/or was sold, after foreclosure, for more than the total tax delinquency owed to the respective county;

c.  Each class member's property had a fair market value greater than the total tax delinquency owed to the respective county;

d.  The county treasurer(s) destroyed thousands of dollars of equity when selling each class member's property at a highly reduced, below fair market value price;

e.  The county treasurer(s) then kept the excess sales proceed (i.e. the difference between the tax sale price and the total tax delinquency owed) for the benefit of their respective county; and

f.  The county treasurer(s) refuse to pay just compensation, failed to initiate any form of condemnation proceedings, or has filed to have or undertake a process to return the surplus equity.

28.  There are clear questions of law raised by Plaintiff ARKONA, LLC's claims common to, and typical of, those raised by the Class it seeks to represent, including—

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

a. whether Defendants committed an unconstitutional taking by refusing to pay just compensation when seizing property in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed in a tax delinquency, and have appropriated property in the form of excess or surplus equity for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article X, Section 2 of the Michigan Constitution;

b. whether Defendants committed an inverse condemnation by destroying equity via the seizure process and/or the later sale of property at a highly reduced, below fair market price and then retaining the remaining proceeds from the sale of tax foreclosed property that exceeded the amount of the tax delinquency in accordance with MCL 211.78m(8)(h); and

c. if deemed a forfeiture, whether Defendants violated either the Excessive Fines Clause of the United States Constitution, by retaining proceeds from the sale of tax foreclosed property that exceeded the amount of the tax delinquency in accordance with MCL 211.78m(8)(h).

29.    The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all Class members.

30.    Plaintiff ARKONA, LLC, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

31.    The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

32.    Defendants have acted, failed to act, and/or are continuing to act on grounds generally against Plaintiff ARKONA, LLC and all members of the Class in the same manner.

33.    The violations of law and resulting harms alleged by Plaintiff ARKONA, LLC are typical of the legal violations and harms suffered by all Class members.

34.    Plaintiff ARKONA, LLC, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

35.    The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

**COUNT I**
**TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION**
**42 U.S.C. § 1983**
**(AGAINST ALL DEFENDANTS)**

36.    The prior paragraphs are restated word for word herein.

37.    This claim is being made against all Defendants pursuant to 42 U.S.C § 1983 and § 1988.

38.    The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Defendants, see *Knick v. Twp. of Scott*, 588 U.S. __ (2019).

39.    Defendants have taken Plaintiff ARKONA, LLC's and the class members' property interests in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated property in the form of excess or surplus equity

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

40.    By Defendants refusing to take any action for the payment of just compensation at time of the taking, Defendants have deprived Plaintiff ARKONA, LLC and the Class of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and thus is in violation of and can be remedied by 42 U.S.C. § 1983 and § 1988.

41.    The actions described herein is a voluntary policy, custom, and/or practice of Defendant COUNTY OF CHEBOYGAN COUNTY (or to the extent to deemed, the Office of the Treasurer by naming Defendant BUFFY JO WELDON in her official capacity) or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

42.    Defendant COUNTY OF CHEBOYGAN COUNTY (or to the extent to deemed, the Office of the Treasurer by naming Defendant BUFFY JO WELDON in her official capacity) is liable pursuant to the *Monell* standard as flowing from the execution of the municipality's policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

43.     Specifically, the Board of Commissioners of Defendant COUNTY OF CHEBOYGAN made the affirmative, voluntary, and discretionary decision to select and designate its own county's treasurer, rather that the State of Michigan, to act as the Foreclosing Governmental Unit, making the actions herein described as ones undertaken pursuant to an official county policy for purposes of *Monell*, (see ¶4, *supra*; e.g. **Exhibit F**; and MCL 211.78(3)-(6)).

44.     The actions of the county treasurer(s) were designed to intentionally or wantonly cause harm to Plaintiff ARKONA, LLC and the Class due to the utter disregard of Plaintiff ARKONA, LLC's and the Class' constitutionally protected rights.

45.     Defendants have not paid just compensation.

46.     Defendants will not now pay just compensation.

47.     Defendants do not intend to pay just compensation in the future.

48.     Plaintiff ARKONA, LLC and the Class have suffered damages which this Court can remedy by an order and/or judgment for an award of damages.

### COUNT II
### TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION
### " ARISING DIRECTLY" UNDER THE FIFTH AMENDMENT
### (AGAINST ALL DEFENDANTS)

49.     The prior paragraphs are restated word for word herein.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

50.    This claim is being made against all Defendants under the Fifth Amendment directly.

51.    The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a self-executing constitutional provision requiring the payment of just compensation upon the takings undertaken by Defendants.

52.    This claim is brought in the alternative to Count I.

53.    Defendants have taken Plaintiff ARKONA, LLC's and the class members' property interests in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated property in the form of excess or surplus equity for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

54.    By Defendants refusing to take any action for the payment of just compensation at time of the taking, Defendants have deprived Plaintiff ARKONA, LLC and the Class of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and thus the violation can be remedied by a direct claim under the Fifth Amendment.

55.    Defendants have not paid just compensation.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

56.    Defendants will not now pay just compensation.

57.    Defendants do not intend to pay just compensation in the future.

58.    Plaintiff ARKONA, LLC and the Class have suffered damages which this Court can remedy by an order and/or judgment for an award of damages.

**COUNT III**
**STATE LAW - INVERSE CONDEMNATION**
**(AGAINST DEFENDANTS COUNTY OF CHEBOYGAN AND**
**BUFFY JO WELDON IN HER OFFICIAL CAPACITY)**

59.    The prior paragraphs are restated word for word herein.

60.    Defendants have taken Plaintiff ARKONA, LLC's and the class members' property interests in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated said equity and/or monies for public use without the payment of just compensation.

61.    Defendants have taken Plaintiff ARKONA, LLC's and the class members' property interests in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated said equity and/or monies for public use without using any *direct* condemnation processes, including those outlined under the *Uniform Condemnation Procedures Act*, MCL 213.51, et seq.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

62.    Defendants have not and will not provide Plaintiff ARKONA, LLC and the members of the Class any ability, right, or opportunity to claim the surplus equity, nor do Defendants provide or have a process to claim compensation at the time Defendants seized title to their taken property interests.

63.    Defendants have not paid just compensation.

64.    Defendants will not now pay just compensation.

65.    Defendants do not intend to pay just compensation in the future.

66.    An inverse condemnation with damages has occurred.

67.    Plaintiff ARKONA, LLC and the Class have suffered damages which this Court can remedy by an order and/or judgment for an award of damages.

**COUNT IV**
**STATE LAW – VIOLATION OF MICHIGAN CONST, ART X, SEC 2**
**(AGAINST DEFENDANTS COUNTY OF CHEBOYGAN AND**
**BUFFY JO WELDON IN HER OFFICIAL CAPACITY)**

68.    The prior paragraphs are restated word for word herein.

69.    Defendants have taken Plaintiff ARKONA, LLC's and the class members' property interests in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated said equity and/or monies for public use without the payment of just compensation.

70.    Defendants have taken Plaintiff ARKONA, LLC's and the class members' property interests in the form of equity and/or monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and have appropriated said equity and/or monies for public use without using any direct condemnation processes, including those outlined under the *Uniform Condemnation Procedures* Act, MCL 213.51, et seq, and was done so in violation of Article X, Section 2 of the Michigan Constitution.

71.    Defendants have not and will not provide Plaintiff ARKONA, LLC and the member of the Class any opportunity to claim the surplus equity, nor do Defendants provide or have a process to claim compensation at the time Defendants seized title to their taken property interests.

72.    Defendants have not paid just compensation.

73.    Defendants will not now pay just compensation.

74.    Defendants do not intend to pay just compensation in the future.

75.    Plaintiff ARKONA, LLC and the Class have suffered damages which this Court can remedy by an order and/or judgment for an award of damages.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**COUNT V**
**EXCESSIVE FINE – *AUSTIN/TIMBS* CLAIM**
**EIGHTH AMENDMENT VIOLATION**
**42 USC § 1983**
**(AGAINST ALL DEFENDANTS)**

76.    The prior paragraphs are restated word for word herein.

77.    This Count is pled to the extent that Defendants argue or assert that Plaintiff ARKONA, LLC or any class member "forfeited" or (as it is sometimes falsely described) "involuntarily relinquished" property interests pursuant to *General Property Tax Act*.

78.    The Eighth Amendment to the United States Constitution is the part of the United States Bill of Rights prohibiting the government from imposing excessive fines, which the U.S. Supreme Court has applied to action(s) involving forfeitures.

79.    By imposing and retaining an excessive fine in the form of the forfeiture of value of the equity interest in property in excess of the tax delinquency, Plaintiff ARKONA, LLC's and the class members' Eighth Amendment rights have been violated, see *Austin v United States*, 509 U.S. 602 (1993).

80.    Keeping the value of the equity interest in property in excess of the tax delinquency (which already includes interest, fees, and costs) is punitive and not remedial.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

81.   The actions described herein is a policy, custom, and/or practice of Defendant COUNTY OF CHEBOYGAN COUNTY (or to the extent to deemed, the Office of the Treasurer by naming Defendant BUFFY JO WELDON in her official capacity) or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

82.   Defendant COUNTY OF CHEBOYGAN COUNTY (or to the extent to deemed, the Office of the Treasurer by naming Defendant BUFFY JO WELDON in her official capacity) is liable pursuant to the *Monell* standard as flowing from the execution of the municipality's policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F3d 426, 429 (6th Cir. 2005).

83.   The conduct of these named Defendants was reckless and undertaken with complete in indifference to Plaintiff ARKONA, LLC's and the class members' federal rights to be free from violations of the Eighth Amendment to the United States Constitution.

84.   Said actions violate the Eighth Amendment to the United States Constitution, and is remedied by a money judgment against Defendants pursuant to 42 U.S.C. § 1983 and § 1988.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

85.     Plaintiff ARKONA, LLC and the Class have suffered damages which this Court can remedy by an order and/or judgment for an award of damages.

## RELIEF REQUESTED

86.     WHEREFORE, Plaintiff ARKONA, LLC and the class members respectfully request this Court to—

a.  Enter an order certifying this case as a class action;

b.  Enter an order declaring the conduct of Defendants as being unconstitutional under the federal and state constitutions, even if being undertaken vis-à-vis the *General Property Tax Act*;

c.  Enter an order for damages and/or compensation under any or all legal theories raised in the amount of the surplus equity (i.e., the difference between the tax auction price and the tax bill) or, in the event that the property is sold for less than fair market value, for the return to the delinquent taxpayer of the difference between the full market value and the tax bill;

d.  Enter an order of additional damages and/or compensation to reach an amount equaling 125% of the property's fair market value if deemed by this Court that private property consisting of

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

an individual's principal residence was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;

e. Enter an order for an award of interest as provided for in *Knick v. Twp. of Scott*;

f. Enter an order for an award of nominal and punitive damages awardable under federal law, if applicable;

g. Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to all applicable laws, rules, or statutes; and

h. Enter an order for all such other relief the court deems equitable.

**JURY DEMAND**

87.    For all triable issues, a jury is hereby demanded.

Date: August 11, 2019                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Counsel for Plaintiff & Proposed Class
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

/s/ Matthew E. Gronda
MATTHEW E. GRONDA (P73693)
Counsel for Plaintiff & Proposed Class
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com