UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ARKONA, LLC, and all those Similarly situated within Cheboygan County, and DIANNE KOSBAB and all those similarly situated within Monroe County,<br><br>      Plaintiffs,<br><br>v.<br><br>COUNTY OF CHEBOYGAN by its BOARD OF COMMISSIONERS, and BUFFY JO WELDON, in her official and personal/individual capacities, and LINDA A. CRONIN, in her personal/ Individual capacity, COUNTY OF MONROE, by its BOARD OF COMMISSIONERS, and KAY SISUNG, In her official and personal/individual capacities,<br><br>      Defendants. | Case No. 19-cv-12372<br>Hon.  Thomas L. Ludington |

_____

| | |
|---|---|
| Philip L. Ellison (P74117)<br>Outside Legal Counsel, PLC<br>Attorney for Plaintiffs<br>P.O. Box 107<br>Hemlock, MI 48626<br>Ph: (989) 642-0055<br>pellison@olcplc.com | Allan C. Vander Laan (P33893)<br>Cummings, McClorey, Davis & Acho, P.L.C.<br>Attorneys for Defendants<br>2851 Charlevoix Dr., SE, Ste. 327<br>Grand Rapids, MI 49546<br>Ph: (616) 975-7470<br>avanderlaan@cmda-law.com |
| Matthew E. Gronda (P73693)<br>Counsel for Plaintiff<br>P.O. Box 70<br>St. Charles, MI 48655<br>Ph: (989) 249-0350<br>matthewgronda@gmail.com | |

_____

01197391-1

# **RESPONSE IN *PARTIAL* OPPOSITION TO PLAINTIFFS' "*MOTION TO [SIC]LEAVE TO ACCEPT SUPPLEMENTAL AUTHORITY*" (ECF NO. 32)**

01197391-1

# **INDEX OF AUTHORITIES**

**Cases**

*Citizens in Charge, Inc. v. Husted*, 810 F.3d 437 (6th Cir. 2016) ..........................2

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993) ........................................................................................3

*Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642 (6th Cir. 2012) ...................3

*U.S. v. One TRW, Model M14, 7.62 Caliber Rifle*, 441 F.3d 416 (6th Cir. 2006) .........................................................................................................3

*Vereecke v. Huron Valley School Dist.*, 609 F.3d 392 (6th Cir. 2010)....................3

**ARGUMENT IN REPONSE**

Plaintiffs, Arkona, LLC and Dianne Kosbab, are asking this Court to accept as "supplemental authority" three cases. **(ECF No. 32, Pg ID 733-738, Motion to Accept Supplemental Authority)**. With regard to the published appellate decisions in *Freed v. Michelle Thomas, et al.*, No. 18-2312, 2020 WL 581453 (6th Cir. Sept. 30, 2020) and *Rafaeli, LLC v. Oakland County*, No. 156849, 2020 WL 4037642 (Mich. July 17, 2020), the Defendants do not oppose this Court's recognition of those published decisions, *per se*.

But the Defendants deny that either *Freed* or *Rafaeli* undermines the Defendants' substantive defenses. These include (1) qualified immunity on the part of Treasurers Weldon, Cronan and Sisung in their "personal/individual" capacities and (2) the inability of the Plaintiffs to obtain judgment on their federal claims against the County of Cheboygan and County of Monroe (or the treasurers in "official capacity") for actions taken in compliance with Michigan's General Property Tax Act (which is not a county policy).

The published decision of the Sixth Circuit in *Freed* (unless altered on petition for rehearing or reversed by an appeal to the Supreme Court) may limit the jurisdictional defenses raised by the Defendants' pending motion for dismissal. But Freed does *not* say anything with regard to the substantive defenses raised by the Defendants against the Plaintiffs' claims. Indeed, the Sixth Circuit stated clearly at

the outset of the opinion that "*[w]e do not address the merits of Freed's claims.*" **Freed**, 2020 WL 5814503 at *1.  Judge Friedman will have to address the Defendants' substantive defenses (similar to those in this case) in the first instance on remand.

In particular, Judge Friedman will have to address the same qualified immunity and **Monell** defenses that remain pending before the Court here.  The Plaintiffs' federal claims cannot succeed against the Defendants in the present case if the immunity and **Monell** defenses prevail - -which they should.  The author and moving force of the Plaintiffs' alleged constitutional injury is <u>the State of Michigan</u>.

As for **Rafaeli**, the Defendants themselves would have this Court take note of the declaration by the Michigan Supreme Court that "*the GPTA does not provide for any disbursement of the surplus proceeds to the former property owner, nor does it provide former owners a right to make a claim for the surplus proceeds.*" **Rafaeli**, 2020 WL 4037642 at *9.  As the Defendants have argued, this <u>State</u> policy (*which had been upheld by the State courts until the Supreme Court reversal in* **Rafaeli**), required the Defendants to refuse any demand for refunds.

The treasurers are immune for acting in compliance with the law, as it had been written by the legislature and upheld by the courts at the time of their actions with regard to Arkona and Kosbab.  **Citizens in Charge, Inc. v. Husted**, 810 F.3d 437, 441 (6th Cir. 2016).  Similarly, the County (and Treasurers in official capacity)

are not liable for the policy of Michigan's GPTA, which was not their own policy. ***Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit***, 507 U.S. 163, 166 (1993), ***Vereecke v. Huron Valley School Dist.***, 609 F.3d 392, 403 (6th Cir. 2010).  Therefore, even assuming that the Plaintiffs could actually prove a claim under the Michigan Constitution under the analytical framework set by ***Rafaeli***, the Defendants cannot be held liable for a claim under the Fifth or Eighth Amendment.

As for the trial court decision in ***Pung v. Kopke***, this is a trial court decision in a case presenting completely different claims. It is neither "authority" nor relevant.

The plaintiff in ***Pung*** is asserting claims based upon alleged denial of a property tax exemption (i.e., the "principle residence exception") by an assessor and treasurer for "political benefit" of the treasurer and in retaliation for "embarrassment and humiliation" in prior litigation.  **(Ex A: Pung v. Kopke, Second Amended Complaint, ¶¶ 28-32**).  This is a completely different context than the present case.

More fundamentally, "a district court opinion . . . is not binding precedent on any court." ***U.S. v. One TRW, Model M14, 7.62 Caliber Rifle***, 441 F.3d 416, 423 (6th Cir. 2006) at n. 10.  Therefore, the ***Pung*** opinion should be rejected as "unpublished, not binding . . . and factually inapposite." ***Ondricko v. MGM Grand Detroit, LLC***, 689 F.3d 642, 650 (6th Cir. 2012).

The bottom line is that none of these supposed supplemental "authorities" offered by the Plaintiffs undermines the key substantive defenses raised by the Defendants against the Plaintiffs' federal claims. Nor is there any basis on the record at this point even for a claim under *Rafaeli*.

## CONCLUSION AND RELIEF REQUESTED

For the reasons just described, the Defendants ask this Court to reject the Plaintiffs' offer of the *Pung* opinion in its entirety.  The Defendants further ask this Court to reject the Plaintiffs' overbroad interpretation of *Rafaeli* and *Freed*.

s/Allan C. Vander Laan
Cummings, McClorey, Davis & Acho, P.L.C.
*Attorneys for Defendants*
2851 Charlevoix Dr., SE, Ste. 327
Grand Rapids, MI 49546
Ph: (616) 975-7470
P33893
Primary Email: avanderlaan@cmda-law.com

Dated:  October 5, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020, I electronically filed the foregoing **RESPONSE IN *PARTIAL* OPPOSITION TO PLAINTIFFS' "*MOTION TO [SIC]LEAVE TO ACCEPT SUPPLEMENTAL AUTHORITY*" (ECF NO. 32)**

with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: (none).

/s/ Allan C. Vander Laan
Allan C. Vander Laan
