UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARKONA LLC and DIANNE KASBOB,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,              Case No. 1:19-cv-12372

v.                                  Honorable Thomas L. Ludington
                                      United States District Judge
COUNTY OF CHEBOYGAN and COUNTY
OF MONROE,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION TO LIFT STAY AND DIRECTING PARTIES TO APPEAR FOR SCHEDULING CONFERENCE**

This is a class action brought under 42 U.S.C. § 1983 to recover the surplus proceeds from tax-foreclosure sales conducted in two Michigan counties.

In June 2021, the case was stayed pending the disposition of a set of cross-appeals in *Freed v. Thomas*, Nos. 21-1248/21-1288/21-1339 (6th Cir. 2021). *Freed* is set to decide at least two issues relevant to this case: (1) whether tax-equity claimants may hold Michigan counties liable under *Monell v. Department of Social Services of City of New York*,[1] and (2) whether just compensation under the Fourteenth Amendment equals the surplus proceeds of the foreclosure sale (i.e., the difference between the delinquent taxes and the sale price) or the "lost equity" in the property (i.e., the difference between the delinquent taxes and the fair-market value). *See* Br. for Def.-Appellee Michelle Thomas and Def.-Appellee/Cross-Appellant County of Gratiot at 3, *Freed v. Thomas*, Nos. 21-1248/21-1288 (6th Cir. Mar. 7, 2022).

---

[1] 436 U.S. 658 (1978).

Recently, in a similar case pending before this Court, the Sixth Circuit held that sovereign immunity does not shield Michigan counties from tax-equity actions brought under § 1983. *See Fox v. Saginaw Cnty. ex rel. Bd. of Commissioners*, No. 21-1108, 2022 WL 523023, at *4–6. (6th Cir. Feb. 22, 2022). Although the Sixth Circuit expressly declined to reach the *Monell* issue due to lack of jurisdiction, its rationale for denying sovereign immunity seems to favor *Monell* liability. *See id.* at *6 ("The counties were not required to act as an FGU or to foreclose on any given property, and yet they chose to do so."); *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 730 (6th Cir. 2022) ("Under *Monell*, a municipality can be liable under § 1983 when an official 'policy or custom' caused a violation of the plaintiff's constitutional rights." (quoting *Monell*, 436 U.S. at 694)).

Given the Sixth Circuit's recent decision, Plaintiffs have filed a motion to lift the stay, arguing that the equities now favor issuing class notice and completing discovery. *See* ECF No. 45 at PageID.946 (noting that "*Freed* has been pending for more than a year at the Sixth Circuit and even the State of Michigan . . . has argued that the counties are at least liable as to surplus proceeds"). Plaintiffs also seek to compel the parties to attend a scheduling conference that will be held in *Fox* on May 10, 2022.[2]

Defendants, however, seek to keep the stay in place. ECF No. 47. They note that the Sixth Circuit remains poised to decide many of the remaining issues in this case, including *Monell* liability and the proper measure of compensation. *Id.* at PageID.959–60.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket . . . ." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir.

---

[2] Counsel in this case is also counsel in *Fox*.

1977)). "Where the stay motion is premised on the alleged significance of another case's imminent disposition, courts have considered the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015).

To the extent Plaintiffs seek to lift the stay to attend the *Fox* scheduling conference, their motion is well founded. This case and *Fox* present many of the same issues and share some of the same counsel. For these reasons, allowing counsel to discuss these issues and their case-management needs at one meeting would serve judicial economy.

To the extent Plaintiffs seek to lift the stay entirely, however, their motion is best addressed after the scheduling conference. The conference will provide this Court—and the parties—with a better understanding of the case, the parties' case-management needs, and the parties' "relative hardships." *See Caspar*, 77 F. Supp. 3d at 644. The parties might even reach a scheduling agreement that resolves the stay issue.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Lift the Stay, ECF No. 47, is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' Motion is **GRANTED** to the extent they seek to compel the parties to attend the scheduling conference **on May 10, 2022**. Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE** in all other respects.

Further, it is **ORDERED** that the parties are **DIRECTED** to appear for a scheduling conference **on May 10, 2022, at 10:00 AM EDT**.

Dated: April 14, 2022                                                    s/Thomas L. Ludington
                                                                         THOMAS L. LUDINGTON
                                                                         United States District Judge